1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ROBERT HUHN, dba Huhn Electric,              No.  2:25-CV-1777-DMC

12                Plaintiff,

13        v.                                        <u>ORDER</u>

14    CITY OF RED BLUFF, et al.,

15                Defendants.

16

17            Plaintiff, who is proceeding with retained counsel, brings this civil action.  The

18    parties have consented to Magistrate Judge jurisdiction and the case has been reassigned.  <u>See</u>

19    ECF No. 18.  Pending before the Court is Defendants' motion to dismiss.  <u>See</u> ECF Nos. 9 (initial

20    motion) and 11 (amended points and authorities).  Plaintiff has filed an opposition, <u>see</u> ECF No.

21    20, and Defendants have filed a reply, <u>see</u> ECF No. 21. The parties appeared for a hearing before

22    the undersigned and, following oral arguments, the Court granted Defendants' motion and

23    dismissed the complaint with leave to amend.  Plaintiff has since filed his first amended

24    complaint.  <u>See</u> ECF No. 23.  This order will formally confirm the Court's oral ruling from the

25    bench and direct Defendants to file a response to Plaintiff's first amended complaint.

26    / / /

27    / / /

28    / / /

1    In considering a motion to dismiss, the Court must accept all allegations of

2    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

3    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

4    v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

5    738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

6    ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

7    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

8    factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

9    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

10   See Haines v. Kerner, 404 U.S. 519, 520 (1972).

11   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

12   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

13   notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

14   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

15   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

16   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

17   allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

18   complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at

19   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

20   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

21   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

22   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

23   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

24   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

25   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

26   / / /

27   / / /

28   / / /

2

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's complaint, filed in state court and removed to this Court on June 25, 2025.  See ECF No. 1.  Plaintiff, a licensed electrical contractor, is an individual doing business as Affordable Solar Energy.  See id. at 6.  Plaintiff names the following as defendants: (1) City of Red Bluff; (2) Beth Lindauer, the City of Red Bluff's Community Development Director; (3) Tom Westbrook, the City of Red Bluff's City Manager; and (4) Anita Rice, the City of Red Bluff's Deputy City Clerk.  See id. at 6-7.

Plaintiff states that, in October 2024, he was contracted to install a solar energy system at the First Church of God, a commercial property located in Red Bluff.  See id. at 8. Plaintiff submitted to the City of Red Bluff a building plan for a commercial solar installation permit on October 16, 2024.  See id.  On October 17, 2024, Plaintiff received an invoice for permit application fees in the amount of $1,000.00, which Plaintiff asserts is the maximum amount allowed under the California Solar Rights Act.  See id.  This fee included a charge of $188.00 for a fire department inspection.  See id.

/ / /

3

1    Plaintiff was informed that he could not pay the full fees online because the City

2    of Red Bluff's online payment system only accepted payments up to $550.00.  See id.  As a

3    result, Plaintiff reported in-person to pay the fees and was told he could make separate

4    payments through the online system.  See id.  Plaintiff states, however, that the online system

5    would not accept separate payments.  See id.

6    Plaintiff began preliminary work on the solar project on October 18, 2024.  See

7    id.  During this process, Plaintiff discovered significant structural issues on the church roof that

8    required changes to the original building plan and layout.  See id.  Based on these findings,

9    Plaintiff revised the installation layout.  See id. at 9.  On October 21, 2024, an inspector for the

10   City of Red Bluff issued a stop-work order on the project because the initial permit process had

11   not been finalized and because the installation layout no longer matched the plans originally

12   submitted.  See id.  The same day, Plaintiff went to the city's offices to complete payment and

13   explain the layout changes.  See id.

14   When Plaintiff appeared again at the city's offices to pay the permit fees, he was

15   informed that a permit would not be issued because the current layout plan no longer matched

16   the plan submitted with the original permit application.  See id.  Plaintiff explained to city

17   officials, including Defendant Lindauer, that the layout changes were required for structural

18   safety and requested that the city issue the permit and allow him to submit an updated plan.  See

19   id.  Plaintiff alleges that, despite accepting Plaintiff's payment of $1,000.00, no permit was

20   issued.  See id.

21   Plaintiff also states that, during this interaction with city officials, he questioned

22   the legality of the $188.00 fire department inspection fee based on lack of any city ordinance or

23   resolution authorizing such a fee.  See id.  Plaintiff further argued that the fire department

24   inspection would be duplicative of the inspection which was already required by the Building

25   Department.  See id.

26   / / /

27   / / /

28   / / /

4

Plaintiff claims that, in response to his questions about the fire department inspection fee, Defendant Lindauer "issued a retaliatory threat." Id. Plaintiff claims:

> . . . She [Defendant Lindauer] stated that if Plaintiff continued to challenge the commercial solar inspection fees, she would instruct the fire department to reinstate the residential solar permit fees. Those residential fees had previously been eliminated following Plaintiff's earlier objections to their legality. This threat directly tied the possibility of adverse government action to Plaintiff's constitutionally protected speech. The statement had the clear potential to chill future speech, precisely the type of retaliatory conduct that is prohibited under the established First Amendment jurisprudence.

Id.

Plaintiff states that a permit was ultimately issued on October 24, 2024. See id. at 10.

Following the incident with Defendant Lindauer, Plaintiff contacted the City Manager, Defendant Westbrook to report the retaliatory threat. See id. Defendant Westbook reported to Plaintiff that he would review surveillance footage of Plaintiff's encounter with Defendant Lindauer. See id. While Defendant Westbook promised to follow up, Plaintiff contends he never did so. See id.

On October 28, 2024, Plaintiff submitted a formal public records request seeking: (1) all ordinances pertaining to residential and commercial solar permit fees; (2) audio and video recordings from the encounter with Defendant Lindauer; and (3) any ordinance or written authorization allowing the fire department to impose inspection fees for solar installations. See id. at 10-11. On November 19, 2024, Plaintiff called city offices to inquire about his records request. See id. at 11. According to Plaintiff, Defendant Rice, who is the Deputy City Clerk, informed Plaintiff that the city believed his request had "gone away" because Plaintiff previously met with city officials. Id. Plaintiff states that he told Defendant Rice that he never withdrew his request. See id. Plaintiff adds that, on November 20, 2024, Defendant Rice sent Plaintiff an email providing some, but not all, of the requested documents. See id. According to the November 20, 2024, email, Defendant Rice stated that surveillance video footage from October 23, 2024, was no longer available. See id. Plaintiff contends that, as of the filing of the complaint, he still had not received all of the requested records. See id.

/ / /

1    Plaintiff asserts the following claims:

2    FIRST CLAIM    Retaliation in violation of the First Amendment
                    pursuant to 42 U.S.C. § 1983 (against all Defendants).
3

4    SECOND CLAIM    Violation of the California Public Records Act
                     (against Defendant City of Red Bluff).

5    THIRD CLAIM    Violation of the California Solar Rights Act
                    (against Defendant City of Red Bluff).
6

7    FOURTH CLAIM    Unlawful business practices (against Defendant
                     City of Red Bluff).

8    FIFTH CLAIM    Negligence (against all Defendants).

9    SIXTH CLAIM    Intentional interference with prospective
                    economic advantage (against all Defendants).
10

11    ECF No. 1, pgs. 12-21.

12

13    **II.  DISCUSSION**

14    In their motion to dismiss, Defendants argue: (1) the complaint fails to state a

15    claim for violation of the First Amendment as against any defendant; (2) there is no right of

16    action against a public entity under California's Solar Rights Act; (3) there is no right of action

17    against a public entity under California's unfair business practices law; and (4) the negligence

18    claim is deficient because Plaintiff fails to allege any duty owed and because the claim is barred

19    by state law immunities.  See ECF No. 11.  Because this Court declines to exercise

20    supplemental jurisdiction over pendent state law claims in the absence of a cognizable federal

21    law claim, Plaintiff's First Amendment retaliation claim is discussed first.

22    To state a claim under 42 U.S.C. § 1983 for retaliation, the plaintiff must establish

23    that he was retaliated against for exercising a constitutional right, and that the retaliatory action

24    was not related to a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 815-16

25    (9th Cir. 1994) (per curiam).  In meeting this standard, the plaintiff must demonstrate a specific

26    link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v.

27    Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39

28    (9th Cir. 1989).  The plaintiff must also show that the exercise of First Amendment rights was

6

chilled, though not necessarily silenced, by the alleged retaliatory conduct.  <u>See</u> <u>Resnick v. Hayes</u>,

213 F.3d 443, 449 (9th Cir. 2000), <u>see also</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 569 (9th Cir.

2005).  Thus, the plaintiff must establish the following in order to state a claim for retaliation: (1)

government officials took adverse action against the plaintiff; (2) the adverse action was taken

because the plaintiff engaged in protected conduct; (3) the adverse action chilled the plaintiff's

First Amendment rights; and (4) the adverse action did not serve a legitimate governmental

purpose.  <u>See</u> <u>Rhodes</u>, 408 F.3d at 568.

As to Plaintiff's First Amendment retaliation claims, Defendants argue that the

claims, as currently pleaded, fail because Plaintiff has not alleged facts to show that Defendant

Lindauer's comments or Defendant Westbrook's conduct chilled Plaintiff's ability to engage in

protected activity.  <u>See</u> ECF No. 11.  Next, Defendants argue that Plaintiff has failed to allege

facts to show Defendant Rice's involvement.  <u>See</u> <u>id.</u>  Next, Defendants contends that Plaintiff

has failed to allege sufficient facts to establish municipal liability against Defendant City of Red

Bluff.  Finally, Defendants argue that Lindauer and Westbrook are entitled to qualified immunity.

<u>See</u> <u>id.</u>

For all defendants, Plaintiff needs to allege facts to show that adverse action was

taken against him because he complained about fees.  Here, Plaintiff has failed to do so.

Rather, he asserts facts indicating his <u>speculation</u> that adverse action <u>may</u> be taken if Plaintiff

continued to complain.  Further, notwithstanding Plaintiff's complaints and the alleged threats,

Plaintiff was issued a permit.  On the facts currently alleged, Plaintiff has not shown adverse

action sufficient to support a First Amendment retaliation claim.

More specifically as to Defendants Westbrook and Rice, Plaintiff has not alleged

their involvement in any threats against Plaintiff should he continued to make complaints about

fees.  Rather, Defendant Westbrook is alleged to have failed to follow up on review of

surveillance footage, and Defendant Rice is alleged to have failed to provide all of the public

record requested by Plaintiff.  These allegations do not indicate that either Defendant

Westbrook or Defendant Rice took any adverse action against Plaintiff on account of

complaints about fees.

Finally, Defendants' argument concerning municipal liability is persuasive. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.

Here, even if Plaintiff's First Amendment claims against one of the individual defendants was viable – and they are not as currently pleaded – Plaintiff would still need to allege the existence of some kind of municipal policy, custom, or practice which allowed the individual defendants to retaliate against him.  He has failed to do so in the operative complaint.

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Defendants' motion to dismiss, ECF Nos. 9 and 11, is GRANTED.

2.    Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

3.    Plaintiff's first amended complaint, ECF No. 23, filed on December 18, 2025, is deemed timely.

4.    Defendants shall file a response to Plaintiff's first amended complaint within 30 days of the date of this order.

Dated:  December 19, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8